# BRIDGET CONNELLY *et al.*

## *v.*

# ROBERT C. DUNN *et al.*

1. WITNESS—*wife of deceased party as against his heirs.* On bill by the heirs at law of a deceased person, against his widow, for the partition of land, and cross-bill by such widow to have a resulting trust declared in her favor, she is not a competent witness to establish the trust as against the heirs.

2. If the suit had been between the husband and the wife, in respect to her separate property, then it seems, under the fifth section of the statute authorizing parties to testify, she might be a competent witness, as well as the husband, but after his death she is rendered incompetent by the statute.

3. SAME—*wife of deceased person.* On cross-bill by the widow of a deceased person, to have a resulting trust declared in her favor, as to certain land purchased by the deceased husband during the marriage, if one of the heirs, an adverse party, testifies as to what property the widow brought with her upon her marriage, it seems the widow may testify as to such matter, but not generally to show that the land was bought with her means.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. BENNETT, KRETZINGER & VEEDER, for the appellants.

Messrs. ROSENTHAL & PENCE, and Mr. FRANK J. CRAWFORD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed by Robert C. Dunn, George Dunn and Robert John Speck, heirs at law of Charles Dunn, deceased, who died intestate, without any child or descendant of a child, against Bridget Connelly, widow of said Charles Dunn, and Patrick Connelly, her present husband, for the partition of two certain tracts of land situate in Cook county, of which Charles Dunn died seized, the title thereof being in his name.

Bridget Connelly answered, and filed her cross-bill, setting up that the premises were purchased with her money, by her husband, Charles Dunn, with an express agreement on his part that the title should be taken in her name, and asking the court to declare a resulting trust in her favor in the whole premises. The court below granted the relief prayed for in the original bill, and dismissed the cross-bill, and the defendants appealed.

The only testimony to establish the resulting trust claimed, was that of Bridget Connelly, who was the wife of Charles Dunn, deceased, at and before the time of the purchase of the lands by him. The introduction of this testimony was objected to by the complainants, in the court below, as being incompetent, but it was admitted, and exception taken.

The first question arising is as to the competency of this testimony. Our statute, admitting parties to a suit, or persons interested, to testify, expressly provides, that no such party, or person interested, shall be allowed to testify therein in his own behalf, where the adverse party sues or defends as executor, administrator, heir, legatee or devisee of a deceased person, with certain exceptions not applicable here. The statute plainly excludes Bridget Connelly as a witness. The adverse parties in the suit sue in the original bill, and defend in the cross-bill, as heirs of a deceased person.

It is claimed by appellees' counsel that the witness was competent under the fifth section of the statute, which allows husband and wife to testify for or against each other in cases

220          CONNELLY *et al. v.* DUNN *et al.*          [Sept. T.

Opinion of the Court.

where the litigation shall be concerning the separate property of the wife, and the cases of *Krebaum* v. *Cordell et al.* 63 Ill. 25, and *Biggins* v. *Brockman et al.* id. 316, are cited, as sustaining the competency of the witness. But the objection here, is not on the ground of marital relation, but on the ground of the husband being deceased, so that his testimony can not be had to meet that of his widow, which she now offers against his legal representatives, his heirs. Were the deceased husband alive, so that there could be a mutuality in the power to testify, then, under the fifth section of the statute, and the decisions cited, in any suit concerning this property which the wife claimed as her separate estate, she would be admitted to testify. But under the second section of the statute containing the provision first above named, she can not so testify in a suit where the adverse parties claim in a representative capacity, as heirs, under her deceased husband. The fifth section referred to, also says, in terms, that in the cases there named, the husband and wife may testify for or against each other, "in the same manner as other parties may, under the provisions of this act." Under those provisions, other parties to a suit can not testify therein, save as excepted, where the adverse party claims in a representative capacity under a deceased person. And husband and wife are subject to the same conditions, in this respect, in testifying, as other parties.

It is further claimed, that the witness was properly admitted to testify under the third one of the exceptions to the second section, which provides that where such party to a suit, claiming in a representative capacity, under a deceased person, shall testify to any conversation or transaction with the opposite party, then such opposite party shall also be permitted to testify to the same conversation or transaction. Robert Dunn, one of the adverse parties in this suit, testified in the case, and in his testimony was a statement in regard to what property Bridget Connelly brought with her upon her marriage with Charles Dunn. Perhaps that particular statement might be considered as testimony to a "transaction" with the opposite party, Bridget Connelly, and admit her to testify to the same

"transaction." But that would only be in relation to the subject of this statement, what property she brought with her, and of itself would not be testimony of any appreciable weight in support of her claim.

Her testimony, then, must be laid out of view, as being incompetent; and besides it, there is no proof in the record in support of the claim set up by her of a resulting trust in this property. The court below, although admitting her testimony, must have found it insufficient to support the cross-bill, as it dismissed the same.

The decree will be affirmed.

*Decree affirmed.*