JOHN MONTEITH, DAVID MAY, F. A. LEONARD AND E. JULIUS SCHMIDT, PLAINTIFFS IN ERROR, v. LOUISA E. BAX, DEFENDANT IN ERROR.

Fraudulent Conveyance : EVIDENCE. The question of intent, in case of an alleged fraudulent conveyance of property by a husband to a wife, is one of fact for submission to a jury.

LEONARD and Schmidt brought an action in the district court of Lancaster county, against Adam Bax, husband of Louisa E. Bax, the defendant in error, in which an order of attachment was issued and levied on a promissory note, executed by one George Douglas to the said Louisa E. Bax, Douglas being served as garnishee. A trial of the right of property was had under the provisions of Sec. 996–998 of the civil code, which resulting in favor of the defendant in error, a bond for the payment to her of all damages she should sustain by reason of the detention and sale of said note, was given with John Monteith and David May as sureties. At the April term, A. D. 1872, of the district court, judgment was obtained by Leonard and Schmidt against Adam Bax for $832.69 and costs, and it was ordered by the court that Douglas pay in to the clerk the amount then due by him on the note attached, to abide the further order of the court. It does not appear, from the record brought here, that anything further was done in the cause. Louisa E. Bax, the defendant in error, then brought suit on the bond, given as above stated, against

the sureties, Monteith and May. Leonard and Schmidt were brought in as defendants upon their own motion. The petition of Louisa E., alleged that she had sustained damages to the full amount due and unpaid on the Douglas note, and also that said note was her own separate property. These allegations were denied by the answer, which alleged, *inter alia*, that in law the said note was the property of her husband, Adam Bax; that the note was given for personal property sold to George Douglas, which, together with other personal property and book accounts, altogether of the cash value of two thousand and three hundred dollars, were on the 30th day of May, 1871, by deed of conveyance, assigned and transferred by said Adam Bax to his wife Louisa E., to hinder, delay and defraud his creditors, and especially the said Leonard and Schmidt.

There was a trial, and upon the evidence adduced, the court below refused to submit the question of fraud to the jury, but directed them to find a verdict for Louisa E. The defendants, Monteith, May, and Leonard & Schmidt, then brought the cause here by petition in error.

*Seth Robinson*, for plaintiffs in error.

Our statute expressly provides that fraudulent intent shall, in all cases of this kind, be a question of fact and not of law. This provision, of itself, is sufficient to dispose of the case. *Sec.* 20, *Genl. Stat.*, 395. Whatever the opinion of this court or the court below may be, if the question of fact were submitted to them, it is plain upon principle and authority, that the whole question of fraud or no fraud is for the jury upon all the facts of the case. *Bump on Fraud, Con.*, 69, 115, 137, 148. *Allen v. Cowan*, 23 *New York*, 502. *Babcock v. Eckler*, 24 *Id.*, 623. *Cole v. White*, 23 *Wend.*,

511.    *Seward v. Jackson*, 8 *Cow.*, 416.    *Smith v. Acker*, 23 *Wend.*, 653.    *Hanford v. Archer*, 4 *Hill.*, 271.    *Kerr on Fraud and Mistake*, 204.

*Philpott & Cantlon* (with whom was also *T. M. Marquette*), for defendant in error.

It is not the province of a jury, under Sec. 20, Chap. 25, Gen. Stat., page 395, to determine or find whether a certain transaction is, or is not, fraudulent.    It is a question of fact for the jury to determine if there be the existence of a certain intent, and for the court to declare whether such intent be fraudulent or otherwise.    *Gere v. Murray*, 9 *Minn.*, 305.

The question of error assigned is not, whether the court erred in not leaving it to the jury to say if there be the existence of a certain intent, or for it to find the facts that constitute the fraud, but to say whether the transaction be fraudulent—the very matter which, if it had been submitted, would have been error itself ; therefore the court did not err in not leaving it to the jury to say that the said transaction was fraudulent.

Fraud is a question of law.    It is the judgment of the law on facts and intents.    *Sturtevant v. Ballard*, 9 *Johns.*, 337.


GANTT, J.

On the trial of this cause, it was admitted that the personal property conveyed by Adam Bax to his wife was of the reasonable cash value of two thousand dollars, besides the book accounts of about three hundred dollars; that when Adam and his wife settled at Lincoln, in the fall of 1868, they were both destitute of any means, and were dependent on his daily labor for a livelihood; that he commenced the business of a shoemaker, and at different times purchased of various firms and persons

merchandise, consisting of boots, shoes, leather, and material to be used in his business, being all the time largely indebted on such purchases until April, 1871, when his whole indebtedness amounted to the sum of $2,546.21; and that all the property which the said Adam and his wife possessed or owned, other than that transferred by him, under the deed of conveyance to his wife, did not exceed $1,450, in value. Adam and his wife each testified, that before their marriage she was possessed of some money in her own right, which she received from the estate of her former deceased husband; that after their marriage, and during the year 1865, she loaned to her husband at two different times, five hundred dollars of this money, taking his due-bills for the same; that afterwards she loaned to him other sums, making in all the sum of $827; and that while residing in Tennessee in 1866, these due-bills, and the house in which they resided, were burned and wholly destroyed.

The court instructed the jury to "bring in a verdict for the plaintiff" (now defendant in error) "for the amount due on the note." It is urged, that in thus directing the jury to find a verdict for the defendant in error, the court erred.

When we consider that Adam Bax and wife settled at Lincoln without any pecuniary means whatever; that he purchased the goods to carry on his business mainly on credit, and became largely indebted therefor; that he conveyed to his wife property in value greatly disproportioned to the amount claimed to have been loaned to him by her; that she was acquainted with all his circumstances during the time he was carrying on business; and also consider all the transactions between them both at the time of the transfer of the property to her and preceding that time, as is shown by the evidence, it seems very clear that the real question raised and to be determined in the case was, whether the transfer of the property

by Adam to his wife was fraudulent as to his creditors, Leonard and Schmidt. And the question now presented for consideration is, should the court below have submitted the question of fraud to the jury, as one of fact to be by them determined from all the evidence and circumstances of the case?

In answering this question it may first be observed, as is said in *Nolan's Appeal*, 23 *Penn. State*, 38–9, that although "the possession and use by a husband of his wife's money is very strong evidence of the conversion of it to his own use, and with intent that her right to it shall be divested, yet, this presumption may be repelled by sufficient proof of a different intention. It may be shown by parol proof, that the husband has the use of the wife's money for a limited or special purpose and with intent to hold it in trust for her, but the evidence of such intent and purpose must be clear and unquestionable." This, undoubtedly, is the correct rule under the statutory provisions which exempt the separate property of the wife from liability for debts of her husband; and, according to this rule, it will hardly be questioned, under clear and unquestionable proofs of a *bona fide* transaction by which the husband has the use of the wife's money in trust for her, that she may become his creditor, and be entitled to the rights of any other creditor of the husband.

It may, *en passim*, be observed, that the general act relating to the rights of married women, took effect subsequent to the time of the transaction between Adam Bax and his wife, and it is not therefore necessary to now express any opinion as to the proper construction of this latter act.

Now under the above rule, requiring proof to repel the presumption of the conversion of the wife's money by the husband to his own use, with intent to divest her right to it, it seems that the determination of such ques-

tion must necessarily become one of fact, which in actions at law, are to be tried by a jury; but when, as in this case, the question raised is one of fraudulent conveyance of property by the husband to his wife to hinder, delay, and defraud his creditors, it seems clear, both upon principle and authority, that the fraudulent intent is a question of fact which must be submitted to a jury, to be tried by them upon the proofs.

It is said that fraud implies a fraudulent intent, and that intent or intention is an emotion or operation of the mind, and can usually be shown only by acts or declarations; a man is presumed to intend the consequences resulting from his own acts; hence, the fraudulent intent is the inference or conclusion of fact drawn from the facts or circumstances of the transaction, and if it is a presumption, it is a presumption of fact and not of law. 1 *Greenleaf Ev., Sec.* 44, 48. Certainly it is the province of the jury, who are to try the facts, to find the actual intent, and this doctrine is in perfect accord with our statute of frauds which declares that the question of fraudulent intent shall be deemed a question of fact, and not of law. *General Statutes*, 395. And in *Oliver v. Eaton*, 7 *Mich.*, 113, in respect to the statute it is said, that "it certainly does not strike one as an obvious conclusion from this language, that the fraudulent intent to be derived from any given or found state of facts, was intended to be made an inference of law. The question of *intent*, and not merely the facts from which it may be inferred, is declared to be a question for the jury. The statute must have some meaning, and it was undoubtedly introduced to create or settle a rule of law." *Smith v. Acker*, 23 *Wend.*, 657-8. But "when the instrument, on its face, is one the law will not sanction against creditors, it is the duty of the court to pronounce fraudulent as to them, but the court

cannot look at matters *dehors* the instrument for that purpose." *Bagg v. Jerome*, 7 *Mich.*, 157–8. *Cunningham v. Freeborn*, 11 *Wend.*, 261. So, it is said, that when the existence of the fraudulent intent is a question of fact, it must, in actions at law, be expressly found by the jury, for the court cannot infer it. *Allen v. Wheeler*, 4 *Gray*, 123. *Ewing v. Gray*, 11 *Ind.*, 64. *Maples v. Burnside*, 22 *Ind.*, 139. *Banfield v. Whipple*, 14 *Allen*, 13. *Green v. Tanner*, 8 *Met.*, 411. *Bagg v. Jerome*, 7 *Mich.*, 145.

In *Babcock v. Eckler*, 24 *New York*, 628, it is held that to make a deed voluntary, "it must be without any the least valuable consideration," and, that "when a conveyance of land is upon any the least valuable consideration, the question whether it be fraudulent as to creditors belongs exclusively to the jury, as a question of fact;" and, where the debtor had conveyed property to a creditor, it was held, that "the defendant clearly had a right to show upon the question of fraud, that the value of the goods mortgaged to plaintiffs was disproportioned to the amount of their debt. It might tend, with other circumstances, to show an intention to hinder and embarrass the creditors by covering up his property." *Ford v. Williams*, 13 *New York*, 583. And in *Seward v. Jackson*, 8 *Cow.*, 433, Spencer says, that "where there was some valuable consideration, whether sufficient or not, whether the whole was not to avoid the payment of creditors, are distinct questions depending upon a variety of facts and circumstances, and which it is considered on all hands, must be decided by a jury."

We think, that under the evidence and all the circumstances of this case, the question of fraud should have been submitted to the jury as a question of fact, to be determined by them, and therefore the judgment of the

court below should be reversed and cause remanded for a trial *de novo*.

REVERSED AND REMANDED.

MR. JUSTICE MAXWELL, concurred. CHIEF JUSTICE LAKE, having tried the cause below, did not sit.