EXPERIENCE ESTABROOK, PLAINTIFF IN ERROR, V. THE OMAHA HOTEL COMPANY, DEFENDANT IN ERROR.

1. **Pleading**: CONTRACT: AVERMENTS OF PETITION. In an action upon contract the plaintiff must aver performance of all the conditions precedent in the contract to be performed on his part, in order to constitute a cause of action against the defendant, unless he states in his petition all the necessary averments which will take the case out of the general rule, and fix the defendant's liability without such full performance on his part.

2. **Contract**: CONDITIONS PRECEDENT: WAIVER. If, in such case, a condition precedent in the contract has not been fully performed on the part of the plaintiff, the question whether the defendant has or has not waived his legal rights and by his acts become estopped from denying his liability under the contract, is one of fact, which is alone within the province of the jury to determine upon the testimony, under proper instructions by the court defining what constitutes such waiver.

ERROR to the district court for Douglas county. Judgment there being entered against the plaintiff in error, he brought the cause here by petition in error. The opinion states the facts necessary to an understanding of the case.

*Estabrook, Wakeley,* and *Ambrose,* for plaintiff in error.

*J. M. Woolworth,* for defendant in error.

GANTT, J.

The defendant in error claims to be a corporation, organized and incorporated under the general incorporation laws of the state; and brought this action to recover assessments levied on shares of stock subscribed by the plaintiff in error to the capital stock of the company. It is alleged that the plaintiff and others signed the following paper, and that the plaintiff agreed to take ten shares

of the capital stock: "No subscription of stock exceeding ten shares to be taken. We, the undersigned, for the purpose of erecting a first class hotel in the city of Omaha to cost, exclusive of the ground, $150,000, hereby agree to take stock in said hotel, the number of shares subscribed by us hereto, said shares being each of the value of one hundred dollars, payable in installments not exceeding twenty-five per cent of the par value of each share. When the sum of $150,000 shall have been hereto subscribed, the stockholders shall by vote, each share constituting one vote, select the location of said hotel and otherwise arrange for its construction, said location being restricted between Ninth and Seventeenth streets and Howard street and Capital avenue." On the nineteenth day of January, 1870, articles of incorporation were agreed on, and the capital stock of the company was therein definitely fixed at two hundred thousand dollars, divided into shares of one hundred dollars each; and it was provided, by said articles, that an assessment of ten per cent on each share should be paid at the time of making the subscription to the stock of the company. The capital stock of the company was then definitely fixed at two hundred thousand dollars, but the defendant in error states, in his petition as subject matter of fact, "that the total amount subscribed to said capital was on said day $125,500, and ground on which to erect said hotel was, on or about the fifteenth day of March, 1870, donated to said company, and the same was of the value of $50,000 and became part of the capital."

Now, suppose the ground did become a part of the capital stock of the company, as alleged in the petition, still there is a deficiency of $24,500 in the capital stock required; and, therefore, it is clear, that there was no compliance, on the part of the company, with the condition precedent contained in the charter, which required a subscribed capital of two hundred thousand dollars to

authorize the corporate body to proceed with its main design. The petition gives no explanation in regard to this important matter; no reason is given for the non-performance of the condition precedent; and no fact is averred, to fix the liability of the plaintiff, without per-formance on the part of the defendant. Can the action be maintained upon the showing made by the petition?

It is a well settled rule of pleading, that the petition must state all the facts necessary to show a cause of action against the defendant; and the fact that stock was sub-scribed to the amount of two hundred thousand dollars, is indispensable for that purpose; for it is a condition precedent, and must be performed to secure the right of action; unless the plaintiff states in his petition all the essential averments, which will except the case from the rule, and fix the plaintiff's liability, without all the cap-ital required by the charter being first subscribed.

In the case of *Fry's Ex'r v. The Lexington and Big Sandy R. R. Co.*, 2 Met. (Ky.), 323–4, it is said, that, " where a given amount of stock is required to be sub-scribed before the corporation is authorized to go into operation, this requisition must be regarded as an indis-pensable condition precedent. Each subscriber under-takes to pay the amount of his subscription only in the event and upon the condition that the whole amount of the capital stock required by the charter to enable the company to organize and commence operations in its corporate capacity, shall be subscribed." In reference to the pleadings in such case, it is said, that, "it is a well settled rule of pleading, that the plaintiff must aver per-formance of all the conditions precedent in the contract, when the liability of the defendant is dependent on their performance. Without such an averment, no cause of action is shown to exist. In this case the liability of the defendant depends upon the fact, whether a subscription of one hundred thousand dollars had been obtained

when his intestate was called on to make the payment on his stock. Unless a subscription to that amount had been obtained, he was not, according to the implied terms upon which he became a stockholder, liable upon his subscription. As the petition must state all the facts necessary to show a cause of action against the defendant, and as the fact that stock to the amount of one hundred thousand dollars had been subscribed, is one that is indispensable for that purpose, the failure to aver it renders the plaintiff's petition fatally defective." The rule so clearly expressed in this case, applies with equal force to the case at bar, for, in respect to the condition precedent in the contract, the two cases seem to be precisely similar; and, therefore, it seems to me, as the pleadings now stand, it is difficult to escape the conclusion, that the petition is fatally defective in that regard.

It is, however, contended, that the plaintiff waived his legal rights under the contract; and by his own acts has become estopped from denying his liability to pay the assessments. Now, assuming that the petition sufficiently states a cause of action, then, the question is, has the plaintiff waived his rights under the contract?

This question presents an inquiry of fact, which is alone within the province of the jury to determine upon the testimony in the case, under proper instructions by the court, defining what constitutes such waiver. But, on the trial of the cause in the court below, after passing on a number of instructions, requested by the plaintiff in error to be given in charge to the jury, the court instructed the jury as follows: "Nothing remains for you but to return a verdict for the plaintiff. Give the plaintiff what is claimed in the petition. Take the case, gentlemen of the jury, and go to the room, and compute the interest at ten per cent per annum, from the time of the call of the first assessment." To this instruction the plaintiff in error, at the time, excepted. This instruc-

tion left nothing for the jury to do, but to compute the interest. The determination of the question of fact, whether the plaintiff in error had, or had not, by his own acts, waived his rights under the contract, was entirely taken from the jury. It is, indeed, unnecessary to refer to authority in support of the proposition that this question of fact should have been submitted to the determination of the jury, upon the testimony, under the instructions of the court given to them upon the questions of law in the case.

The judgment of the district court must be reversed, and the cause be remanded for further proceedings, with leave to amend the petition.

JUDGMENT REVERSED.