### IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1884.

PRESENT:

Hon. AMASA COBB, Chief Justice.
" SAMUEL MAXWELL, ⎱ Judges.
" M. B. REESE, ⎰

### D. A. HALE, PLAINTIFF IN ERROR, V. SANBORN & FOLLET, DEFENDANTS IN ERROR.

**Corporation:** SUBSCRIPTIONS TO STOCK. Where articles of incorporation fix the amount of the capital stock, the entire amount must be subscribed before a stockholder is liable to assessment for the accomplishment of the main object of the corporation' unless the articles otherwise provide, or there is a waiver of the conditions.

ERROR to the district court for Madison county. Tried below before BARNES, J.

*H. D. Kelly* and *Brome & Durland*, for plaintiff in error, cited: *Livesey v. Omaha Hotel Co.*, 5 Neb., 50. *McCann v. American Central Insurance Co.*, 4 Neb., 256. *Parker v. Thomas*, 19 Ind., 213. *Fanning v. Insurance Co.*, 37 Ohio St., 339.

*N. A. Rainbolt*, for defendants in error, cited: Angell & Ames on Corp., § 530. 2 Pars. Notes and Bills, 501.

3

1 Daniels Neg. Inst., § 80.   *O'Donald v. Evansville R. R.*, 14 Ind., 259.   *Lane v. Brainerd*, 30 Conn., 579.   *Emmitt v. Railroad Co.*, 31 Ohio State, 23.   *Peoria v. Preston*, 35 Iowa, 118.   *I. & M. R. R. Co. v. Perkins*, 28 Iowa, 281.   Const., Art. 12, § 4.   Comp. Stat., 200, § 138.

MAXWELL, J.

This is an action upon a promissory note, of which the following is a copy:

"$250.    MADISON COUNTY, NEB., June 27th, 1874.

"For value received we jointly and severally promise to pay to the Madison County Joint Stock Company or order the sum of two hundred and fifty dollars, as follows: $75 on or before the 15th of October, 1874, and $25 every ninety days thereafter, until the full amount is paid.

"D. A. HALE."

Which was endorsed as follows:

"Pay Sanborn & Follett or order without recourse.

"J. B. GIBBS, President.

"J. D. HOOVER, Secretary.

"Madison Co. Joint Stock Co."

Judgment in favor of Sanborn & Follett.

The proof shows that the note was endorsed and delivered to the defendants in June, 1877.   The principal defense is, that the note was given on the subscription of the plaintiff for stock in a corporation organized at Battle Creek for the erection of a flouring mill at that place.

Sec. 4 of the articles of incorporation, given in evidence, reads as follows:

"The capital stock of this corporation shall be forty thousand dollars ($40,000), which stock shall be divided into eight hundred (800) shares of fifty dollars ($50) each, and shall be paid in at the time and on the condition following, to-wit: Ten per cent shall be paid in on the issuing of the certificates of stock, and five ($5) dollars on each

Hale v. Sanborn & Follet.

share within thirty days thereafter, until the whole of each share so taken shall be fully paid."

The exact amount of stock subscribed does not appear, but the testimony tends to show that it did not exceed $20,000, probably but little more than $12,000. The testimony shows that the corporation commenced the erection of the mill in 1874, and in June, 1877, from financial embarrassment, was compelled to sell the corporate property. The plaintiff was not called as a witness, nor is there any proof that he waived the conditions of the articles of incorporation. The case therefore is similar to that of *Livesey v. Omaha Hotel Co.*, 5 Neb., 50, in which it was held that where the capital stock is fixed at a given sum, divided into shares of a certain amount each, the capital so fixed must be fully subscribed before an action will lie against a subscriber to recover assessments levied on the shares of stock, unless there is a clear provision in the contract to proceed with the accomplishment of the main design with a less subscription than the whole amount of capital specified, or there is a waiver of the conditions precedent. *Salem Mill-dam Cor. v. Ropes*, 6 Pick., 23. Id., 9 Pick., 195. *Cabot v. Chapin*, 6 Cush., 53. *Smith v. S. & T. R. R. Co.*, 9 Mich., 269. *Topeka Bridge v. Cummings*, 3 Kas., 76. *Somerset v. Clarke*, 61 Me., 384. *N. H. C. R. v. Johnson*, 30 N. H., 404. *P. & R. I. R. v. Preston*, 35 Iowa, 118. *Fox v. Clifton*, 6 Bing., 776. *Pitchford v. Davis*, 5 M. & W., 2. *Fry v. L. & B. S. R. R.*, 2 Met. (Ky.), 323. *Estabrook v. Hotel Co.*, 5 Neb., 76. *Boehme v. Hotel Co.*, Id., 80. There is reason in this requirement. An enterprise that would require $40,000 to carry it on successfully would not in all probability succeed with a capital of one-third or one half of that amount. Consequently the agreement is, that the entire amount shall be subscribed before the enterprise is undertaken. The note in this case was transferred after due, and the defendants possess no greater rights thereunder than the corporation

had.   If there are facts existing showing a waiver or the liability of the plaintiff herein, they must be pleaded.   The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.