Morgan, et ux., v. Bergen, et ux.

ALEXANDER W. MORGAN AND WIFE, APPELLANTS, V. GEORGE P. BERGEN AND WIFE, GEORGE C. MERRI-CLE AND E. P. CHILD, APPELLEES.

| | |
|---|---|
| 3 | 209 |
| 10 | 140 |
| 14 | 157 |
| 17 | 59 |
| 17 | 125 |
| 3 | 209 |
| 28 | 368 |
| 3 | 209 |
| 38 | 436 |
| 3 | 209 |
| 40 | 336 |
| 41 | 875 |
| 3 | 209 |
| 48 | 411 |
| 3 | 209 |
| 49 | 896 |
| 52 | 584 |
| 3 | 209 |
| 56 | 186 |
| 3 | 209 |
| 59 | 73 |
| 3 | 209 |
| 60 | 179 |
| 60 | 453 |

Contract: REQUIREMENTS OF THE STATUTE OF FRAUDS. A contract for the sale of lands is void, unless the contract, or some note or memorandum thereof, is in writing and signed by the party by whom the sale is made, or by his agent thereunto authorized in writing.

——— : PRINCIPAL AND AGENT. And such contract, to be obligatory upon the *principal* when made by the agent, must be made in the name of the *principal;* if the agent contract in *his own name*, or describes himself as agent for the principal the *contract is the contract of the agent*, and not of the principal.

——— : SPECIFIC PERFORMANCE. In an action for specific performance, the contract sought to be enforced must be clearly established, and the acts of part performance must unequivocally appear to relate to the identical contract upon which the action is brought.

——— : TIME FOR PERFORMANCE. Although a particular day may be fixed for the completion of a contract for the sale of lands, it is not an indispensable requisite that the party should have performed precisely at the day; if he has not been guilty of gross negligence, a court of equity will grant him relief; but parties *may* make *time* the essence of the contract; so that if there be a default at the day, without any just excuse or any waiver afterwards, the court will not interfere to help the party in default.

THIS was an appeal from a decree dismissing plaintiff's bill, brought into this court under the provisions of section 45, of the chancery code of 1864.

The cause was tried before Mr. Chief Justice Mason, sitting in the district court for Douglas county.

Chief Justice Lake having been of counsel in the court below, did not participate in the decision of the cause in this court.

The facts are fully stated in the opinion of the court.

*J. M. Woolworth,* for appellants, submitted the following points:

I. The decree of Judge Mason seems, in part, to be based on the fact, that George P. Bergen's authority from

14

his wife to sell the premises, was not in writing.  To this
there are two answers:

1.    Admit that section 64, page 293, of the Revised
Statutes, and section 84, page 297, taken together require
that the authority of the agent shall be in writing, the
statute in such a case, as in other cases under the statute of
frauds, must be pleaded, and that is not done here.

2.    However the law may be in respect of the author-
ity of the agent, it is shown in this record that Mrs Ber-
gen did authorize her husband to contract for the sale of
the premises, and to deliver possession.  This he did, and
the delivery of the possession takes the case out of the
statute.  So, too, Mrs. Bergen, receiving the benefit of
the sale, is estopped to deny his authority.  *Smith v.
Sheely*, 12  *Wall*, 358.

3.    It may be well here to remark, that while the agent
here contracted in his own name, we are entitled to hold
his principal to the bargain.   *Story on Agency, Sec.*
442–4.

4.    Nor may objection be made because the writing
was in the form of a bond.  *Fry on Spec. Per.*, 72 *et
pass.*

II.    There was here no such default on the part of the
appellants as entitled the Bergens to rescind nor did they
rescind the contract.

1.    When the first note matured, the appellants were
out of possession by virtue of an adverse and superior
title, against which the Bergens had agreed to warrant
their title, and, until that difficulty was removed, the pay-
ment of the note could not be exacted.  At the time the
first note matured, the Morgans were unable to say wheth-
er the Bergens would ever be able to give them posses-
sion.   To require them to pay the note at a venture
would be manifest injustice, such as a court of equity
would not be guilty of.  And as the difficulty arose from

the fault of the Bergens, they will not be permitted to take advantage of their own wrong to forfeit the rights of the plaintiffs. 2 *Story's Eq. Jr.*, Sec. 779.

2. There is another answer to this objection. Mr. Morgan testifies to notifying Mr. Bergen of the difficulty, and he promised to correct it. And it appears that it was sometime after the default in paying the note, that, suddenly, a recission was attempted. Now the rule is, that when a contract stipulates that time shall be of the essence of the contract, such a waiver as is shown here, by which the other party is thrown off his guard, will displace the stipulation. 2 *Story's Eq. Jr.*, Sec. 776.

3. After Morgan had removed this difficulty by paying $120 which the other side should have been prompt to pay, these notes, by their terms, payable at no place, were not presented, nor was he informed where to make payment. A fair opportunity to comply with the agreement should, under the circumstances, in all justice, have been afforded to the Morgans, and until that was done they had no reason to suppose that they were to be suddenly stripped, not only of the property, but of the $200 which they paid on the purchase, and the $120 which they paid to protect the title.

No counsel appeared for appellee.


MAXWELL, J.

This is a bill in chancery, filed in the district court of Douglas county, on the 11th day of January, A. D., 1867, for the specific performance of an alleged contract for the sale of real estate in the city of Omaha.

The bill sets forth that on the 21st day of May, 1864, Mary, wife of George P. Bergen, was seized in fee of lots one and two, in block two hundred and sixty-five, in the city of Omaha, and that she authorized her husband to

sell the same; that on that day he contracted to sell the premises to Osa Ann, wife of Alexander W. Morgan, for $900, of which sum $200 was paid in cash, and notes for the balance were given each for $350, one at one year, and the other at two years from date. The alleged contract is in the form of a bond, and was signed and acknowledged by George P. Bergen in his own name. There was an express stipulation that time should be the essence of the contract. About a week after the purchase, complainants took possession of the premises and remained in possession thereof until about the 17th day of April, 1865, when Samuel E. Rogers obtained a treasurer's deed thereto, the property having been sold for taxes of 1861, and finding the premises vacant, took possession thereof and remained in possession of the same until the 31st day of January, 1866, when Morgan purchased Rogers' interest in the tax title, paying therefor the sum of $120. No demand of payment was made when the notes became due, nor was there any offer to pay the same or any part thereof, except on condition of deducting the rent of the premises from the time Rogers took possession until possession was again obtained by complainants. About the 4th day of October, 1866, Bergen obtained possession of the premises, and soon after Bergen and wife sold the same to George C. Merricle, who, on the 23d of the same month, sold and conveyed the premises in question to E. P. Child, who is now in possession of the same.

Default was taken against Merricle and Bergen and wife. Child answered, denying in substance the allegations of the bill. Depositions of a number of witnesses were taken on behalf of the plaintiff.

The first question presented, for our consideration, is the authority of George P. Bergen to sell the property in question.

Section five, page 392, *General Statutes of* 1873, pro-

vides: "Every contract for the leasing for the longer period than one year, or for the sale of any lands, or interest in lands, shall be void, unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is made." Section twenty-five, of the same chapter, provides : "Every instrument required by any of the provisions of this chapter, to be subscribed by any party, may be subscribed by his agent thereunto authorized, in writing."

In this case it appears that Bergen had no written or formal authority to sell the lots in question, and while it has been held that the authority of the agent contracting for the sale of lands need not be in writing (*Mc Whorton v. McMahan*, 10 *Paige*, 394), yet under our statute such authority *must* be in writing. In this case the bond was made and signed by Bergen in his own name and not as the agent or attorney of his wife. It is a well established rule of law that if an agent convey or covenant in his own name, as attorney or agent of the principal, and attests the deed either in his own name, or in his own name as agent or attorney, the instrument has no operation as the deed of the principal. *Spencer v. Fields*, 10 *Wend.*, 87. *Lessee of Anderson v. Brown*, 9 *Ohio*, 151.

A contract of sale or a deed of conveyance executed by an agent, in order to bind the principal, must be executed in his name. But it is contended that even if there was no authority to sell, yet, that the two hundred dollars, paid at the time of the sale, was delivered to and accepted by Mary Bergen. If the evidence sustained that view of the case, it would be sufficient to raise the presumption of ratification. In our opinion, the evidence entirely fails to establish the fact that any portion of the $200 was paid to Mary Bergen, with knowledge that it was derived from the sale of the lots in question.

In suits for the specific performance of a contract, the

contract sought to be enforced and the acts of part performance must unequivocally appear to relate to the identical contract set up.

It is provided in the contract given by Bergen to complainants that the notes should be paid at the time they became due, and that time should be the essence of the contract.

In equity, in ordinary cases where there is nothing special in the nature of the property or of the purpose for which it was intended to be purchased, although a particular day may be fixed for the completion of a contract, it is considered that the general object being the sale of the estate for a given sum, it is not an indispensible requisite to the granting of relief, that the party seeking it should have performed precisely at the day. If he has not been guilty of gross neglect, if his laches can be reasonably explained and be shown to be consistent with fairness and good faith, a court of equity will still afford relief; but the parties may make *time* the essence of the contract, so that if there be a default at the day, without any just excuse and without any waiver afterwards, the court will not interfere to help the party in default. *Wells v. Smith*, 7 *Paige*, 22. *Benedict v. Lynch*, 1 *Johns. Ch.*, 370.

In this case no sufficient excuse is shown for the failure to pay the notes at the time they became due, and there is no evidence of waiver. There is no evidence before us as to the character of the tax title Morgan purchased of Rogers, and whatever right he acquired under that he still retains.

The judgment of the district court must be affirmed.

Mr. Justice Gantt concurs.

JUDGMENT AFFIRMED.