THOMAS GIBSON, PLAINTIFF IN ERROR, v. PARLIN & ORINDORFF, DEFENDANTS IN ERROR.

1. **Promissory Note:** INDORSER. The holder of a promissory note is not required to resort to his remedy against the maker before he may proceed to collect it from the indorser.

2. ———. And when the indorser has waived a demand, protest, and notice of non-payment, a right of recovery accrues against him as soon as the note is due.

3. ———. The indorser cannot, like a surety, call upon the holder of the note to proceed and collect it of the maker.

4. **Pleading:** CONSTRUCTION OF. In construing a pleading the rule is that it must be taken most strongly against the pleader.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*O'Brien & Bartlett,* for plaintiff in error.

*Warren Switzler,* for defendant in error.

LAKE, CH. J.

This is a petition in error to reverse a judgment of the district court for Douglas county. The action was upon a promissory note on which the plaintiff in error was accommodation indorser, and had waived in writing demand, protest, and notice of non-payment.

The only questions presented for our consideration are two, and they were raised by the ruling of the court below upon a demurrer to the alleged grounds of defense, which were in substance: *First,* that when the note matured the makers were solvent and its payment could have been enforced from them; that the defendants in error were requested to proceed against the makers and make collection of the amount due on the note from them, which they neglected to do; that the makers have since become and are now insolvent. *Second,* that said "note has long since been sued in the county court of Butler county, Nebraska, and by the consideration of said court, on the 6th day of March, 1877, judgment was rendered on said note * * * * whereby said note became merged in said judgment." To these defenses a general demurrer was interposed and sustained, and a judgment entered in accordance with the prayer of the petition. In this ruling, we perceive no error. The holder of a promissory note is not required to resort to his remedy against the maker before he may proceed to collect it from the indorser. And when, as in this case, the indorser has waived his right to a demand of payment upon the maker, protest, and notice of

non-payment, a right of recovery accrues against him as soon as the note becomes due. 1 Edward's Bills, etc., sec. 385, 3d Ed. And the endorser cannot, like a surety, call upon the holder of the note to proceed and collect it of the maker. Id., sec. 415. *Trimble v. Thorne,* 16 John., 152. *Beardsley v. Warner,* 6 Wend., 610. Of the former judgment pleaded in bar, all that need be said is that it is clearly bad for not showing that the indorser was a party to it. In construing a pleading, the rule is that it must be taken most strongly against the pleader. *Green et al. v. Covillard et al.,* 10 Cal. 307. *Harrington v. Santa Clara Co.,* 44 Id., 508. *Covington v. Powell,* 2 Bush. (Ky.), 226. Here all that we have upon this point is indicated by the quotation from the answer given above, the substance of which is merely that a judgment had been "rendered on said note" in the county court of Butler county. As to who the judgment was against the answer is silent. It may have been against the makers of the note alone, or even one of them, and still the answer be true. The want of an averment that the indorser was a party to the judgment compels the inference that he was not. *B. & M. R. R. Co. v. York Co.,* 7 Neb., 487. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.