WILLIAM KRUSE, APPELLANT, V. FRANK JOHNSON, APPELLEE.

FILED OCTOBER 22, 1910. No. 16,159.

1. **Judgment:** SUIT TO CANCEL: PETITION. Where the return of a constable, reciting that he served a summons on defendant by leaving a copy thereof at his usual place of residence, is assailed as false in a suit in equity to cancel a judgment rendered by a justice of the peace on the faith of the alleged false return, the petition should state that the place where the copy was left was not at the time defendant's usual place of residence, if that fact is relied upon as a ground of equitable relief, or state facts equivalent to such an allegation.

2. **Pleading:** SUFFICIENCY. In testing the sufficiency of a petition mere conclusions of law should be disregarded.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*C. W. Britt* and *M. O. Cunningham,* for appellant.

*John T. Cathers, contra.*

ROSE, J.

This is a suit in equity to cancel a judgment which a justice of the peace had rendered against William Kruse for $85.40 on a claim for the balance due Frank Johnson

for grading lots, in an action wherein Johnson was plaintiff and Kruse was defendant. The district court sustained a demurrer to the petition in equity and dismissed the action. Kruse has appealed.

Kruse did not appear before the justice of the peace, but asserts as grounds of equitable relief that no summons was served upon him and that he had no notice of the action until execution issued on the judgment. He has attached to his petition a transcript of the proceedings before the justice of the peace, and it appears therefrom that a summons was issued and that it bore the following indorsement, when returned: "July 28, 1908. Received this writ July 28, 1908. Served by leaving a certified copy of this writ and indorsements thereon at the usual place of residence of the within named defendant in Douglas county, Nebraska. Paul Stein, Constable."

If the constable's return speaks the truth, the summons was served in a statutory manner by the leaving of a copy at Kruse's usual place of residence. Code, sec. 69. In regard to the service of summons the petition alleges: "Petitioner is informed and believes and states the facts to be that a pretended service of summons was had upon this plaintiff by leaving a copy of said summons at the house located at the northwest corner of Twenty-fifth and Cass streets, which said last named place is not the home or property of this plaintiff, and over which this plaintiff exercises no control and did not at the times mentioned in said alleged summons." The code provides: "The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day." Code, sec. 69. "The words, 'usual place of residence,' mean the place of abode at the time of service." *Blodgett v. Utley*, 4 Neb. 25; *Seymour v. Street*, 5 Neb. 85. The language copied from the petition does not contain an allegation that the house at which the summons was left was not Kruse's usual place of residence, or not his place of abode, July 28, 1908, when the service was made, as shown

by the return. The petition shows that a summons was issued, but fails to state that a copy thereof was not left at Kruse's "usual place of residence" July 28, 1908. That Kruse did not have notice of the action in time to make a defense is nowhere stated, except in the form of a conclusion which should be disregarded in testing the sufficiency of the petition. *Woodward v. State,* 58 Neb. 598; *Johnson v. American Smelting & Refining Co.,* 80 Neb. 255. The return of the constable that he served the summons on Kruse by leaving a copy at his usual place of residence is part of the judicial record of the action and was made by the officer when acting under his official bond and his oath of office. When such a return is assailed in a court of equity as false, the facts showing its falsity should be stated. The insufficiency of the allegations in reference to the material facts essential to Kruse's cause of action fully justified the trial court in sustaining the demurrer.

The judgment is therefore

AFFIRMED.