MARY L. FOWLER, APPELLEE, V. JANE McKAY, APPELLANT.

FILED JANUARY 24, 1911.   No. 16,209.

Principal and Agent: CONTRACTS: LIABILITY. Parties contracting in their own names do not exclude their personal responsibility by describing themselves as agents of another, and such a contract is their obligation, and not that of their principal. *Persons v. McDonald*, 60 Neb. 452; *Morgan v. Bergen*, 3 Neb. 209.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Reversed and dismissed.*

*Morlan, Ritchie & Wolff,* for appellant.

*Perry, Lambe & Butler, contra.*

Rose, J.

Specific performance of a written contract for the conveyance of two lots in Cambridge was the relief granted to plaintiff by the trial court, and from the decree in her favor defendant has appealed.

In her answer defendant admitted ownership of the lots, but denied other averments of the petition, one of which was that she had entered into the contract. Plaintiff pleaded the contract *in extenso*, and it is introduced by these words: "This agreement made and entered into this 20th day of December, 1905, by and between Miller & Carmichael, agents of Jennie McKay, party of the first part, and W. H. Faling, party of the second part, witnesseth." The terms of the agreement to sell and convey the lots were accepted by the party of the first part as thus described: "Miller & Carmichael, agents of Jennie McKay." The contract is signed: "Miller & Carmichael, Ag'ts, By C. D. Carmichael." The instrument was acknowledged by "C. D. Carmichael, of the firm of Miller & Carmichael," whom the notary certifies "to be the identical person whose name is affixed to the foregoing conveyance as grantor." On the back of the contract there is an assignment by Faling to plaintiff. This contract therefore purports to be made by Miller & Carmichael, and not to be made by Jennie McKay, or Jane McKay, defendant. It purports to be acknowledged by C. D. Carmichael, of the firm of Miller & Carmichael, as grantor, and not by defendant. It was not made in the name of Jennie McKay as principal, and does not purport to be so made. She did not sign it or receive any part of the purchase price. She is the only party defendant, and resides in Michigan. The contract was made in Nebraska, and the other parties thereto and the assignee are residents of this state. The words, "Agents of Jennie McKay," following Miller & Carmichael in the body of the instrument, and the contraction, "ag'ts," following Miller & Carmichael, as signed at the end, are merely *descriptio*

*personarum,* which do not exclude the personal responsibility of Miller & Carmichael. This doctrine was announced by Judge Story in 1834. *Lutz v. Linthicum,* 8 Pet. (U. S.) *165.

The record showing the facts narrated, it is argued as a ground of reversal that the contract is the personal obligation of Miller & Carmichael, by whom it was made, and not the agreement of defendant. In the early history of this court it was held: "It is a well-established rule of law that if an agent convey or covenant in his own name, as attorney or agent of the principal, and attests the deed, either in his own name, or in his own name as agent or attorney, the instrument has no operation as the deed of the principal." *Morgan v. Bergen,* 3 Neb. 209. The rule has been followed ever since. It was stated in *Persons v. McDonald,* 60 Neb. 452, as follows: "A contract, to be binding upon a principal when executed by another person, must be made in the name of the principal. If one contract in his own name, describing himself as attorney for his principal, the contract is the obligation of the attorney, and not of the principal."

In the present case the application of the doctrine stated defeats specific performance of the contract pleaded by plaintiff. The judgment of the district court is therefore reversed and the action dismissed at the costs of plaintiff.

REVERSED AND DISMISSED.