JOHN WITT, APPELLEE, V. OLD LINE BANKERS LIFE INSURANCE COMPANY, APPELLANT.

FILED APRIL 24, 1911. No. 16,395.

1. Contracts: PLEADING. In stating a cause of action on a contract, plaintiff must at least allege facts showing that it was executed by, or is the obligation of, defendant, where it is set out in the petition and purports on its face to be the personal obligation of another, and not of defendant.

2. ———: ———: PERFORMANCE OF CONDITIONS. In a suit on a conditional contract for the payment of money, plaintiff must either comply with section 128 of the code by alleging generally that he "duly performed all the conditions on his part," or specifically allege facts showing that he performed all the stipulated conditions precedent to his right to a recovery.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. Reversed.

E. F. Pettis, for appellant.

Courtright & Sidner, contra.

ROSE, J.

This is a suit to recover back an advance premium of $237.85 paid by plaintiff to defendant on a subsequently rejected application for life insurance. A demurrer to the petition was overruled. Defendant refused to plead fur-

ther. A judgment in favor of plaintiff for the full amount of his claim followed. Defendant has appealed.

The correctness of the ruling on the demurrer is the question submitted. In the petition it is alleged: Defendant is a corporation organized and doing business under the laws of Nebraska as a life insurance company. August 10, 1905, plaintiff applied to defendant in writing for insurance on his life in the sum of $5,000, and delivered the application to defendant. Defendant has the original application, and plaintiff has no copy. At the same time plaintiff paid defendant $237.85 as an advance premium in the event of the approval of his application and the issuance of a policy, and received from defendant a contract in writing, as follows: "No. 42817. Conditional Receipt. Amount $237.85. Received at Scribner, State of Neb., this 10 day of Aug., 1905, of John Witt, the sum of $237.85, in payment of premium upon $5,000 policy which he has this day applied for to the Old Line Bankers Life Insurance Company of Lincoln, Nebraska. Policy to date at issue, providing said application is approved by said company; otherwise said payment is to be returned to said applicant. It is hereby agreed and understood that a refusal, after being written, on the part of the applicant to submit to a· medical examination, shall forfeit the payment herein. It is understood and agreed that all the premiums are due in advance and payable in cash, therefore, when notes are taken by the agent as an accommodation to the party insured, any refusal afterwards to accept the policy, or any tender of said policy back to the company or to an agent, will not in anywise release the party insured from liability on said notes, as the same must be promptly paid, whether the party desires to continue insurance or otherwise. John Witt, Applicant. C. K. Huntington, Agent."

The petition further alleges: Huntington was the agent of defendant, and was duly qualified to make the contract. The contract was executed in duplicate and a copy delivered to each of the parties. Defendant declined to

approve plaintiff's application, and ever since has refused to issue a life insurance policy to plaintiff. No part of the advance premium paid to defendant has ever been returned to plaintiff. The amount due plaintiff is also pleaded, and there is a prayer for judgment therefor. The paragraph alleging performance of the contract on the part of plaintiff is as follows: "At said time the defendant named to the plaintiff O. C. Hopper as a physician to whom the plaintiff should submit himself for a medical examination, and thereupon the plaintiff did submit to a medical examination by said physician, who did make a medical examination of plaintiff in writing, and delivered the same to the defendant."

1. The sufficiency of the petition is challenged on the ground it is nowhere stated therein that the receipt pleaded was executed by defendant. Defendant is not a party to the receipt. The place for the signature is filled as follows: "C. K. Huntington, Agent." The word "agent" is merely descriptive of the person. *Morgan v. Bergen*, 3 Neb. 209. The receipt containing the conditional promise to return the advance premium, therefore, purports on its face to be the contract of "C. K. Huntington," and not the contract of the "Old Line Bankers Life Insurance Company," defendant. Following earlier cases, this court in *Fowler v. McKay*, 88 Neb. 387, ruled: "Parties contracting in their own names do not exclude their personal responsibility by describing themselves as agents of another, and such a contract is their obligation, and not that of their principal. *Persons v. McDonald*, 60 Neb. 452; *Morgan v. Bergen*, 3 Neb. 209." Having sued the Old Line Bankers Life Insurance Company on a contract purporting on its face to be the personal obligation of another, it was incumbent on plaintiff, at least, to allege in some form facts showing that defendant executed it or that it is the obligation of defendant. Allegations pleading these essential facts cannot be found in the petition, and they should not be inferred from equivocal or doubtful language, since the petition is being tested by demurrer

and must be construed most strongly against the pleader. *Gibson v. Parlin & Orindorff*, 13 Neb. 292. Failing to show by proper allegations that defendant entered into and is bound by the contract on which the suit is based, the petition is fatally defective; and the demurrer should have been sustained.

2. An argument more vehemently presented, however, is directed to the proposition that plaintiff did not sufficiently allege performance on his part as a condition of his right to recover back the advance premium paid. The promise to return the money was conditional. Plaintiff was therefore required, in stating a cause of action, to allege that he performed all of the conditions precedent to his right to a recovery. *Livesey v. Omaha Hotel Co.*, 5 Neb. 50; *Estabrook v. Omaha Hotel Co.*, 5 Neb. 76; *Husenetter v. Gullikson*, 55 Neb. 32; *Burwell & Ord Irrigation & Power Co. v. Wilson*, 57 Neb. 396. In this respect an allegation that plaintiff duly performed all of such conditions on his part would have been sufficient under the code, which declares: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part." Code, sec. 128. Plaintiff, however, did not see fit to avail himself of this liberal statutory provision. Neither did he comply with the common law rule that the pleader must show specifically the time, place and manner of performance. Bliss, Code Pleading (2d ed.) sec. 301. The stipulations relating to the return of the premium and requiring plaintiff to submit to the examination are: "Policy to date at issue, providing said application is approved by said company; otherwise said payment is to be returned to said applicant. It is hereby agreed and understood that a refusal, after being written, on the part of the applicant to submit to a medical examination, shall forfeit the payment herein." The examination contemplated by the contract was, of course, the requisite medical examination required by all reputable life insurance companies before assuming a risk. On the face of the contract

the assurer was not limited to a single examination by the physician first designated, like the one pleaded. The report of the examiner may have omitted some fact vital to the assuming of the hazard. Symptoms requiring an examination by a specialist may have been reported to defendant as a result of the examination pleaded. Plaintiff's right to the policy for which he stipulated depended upon an examination commensurate with the risk to be assumed. In the very nature of the policy for which the advance premium was paid, a single examination, if incomplete or unsatisfactory, could never have been within the contemplation of the parties. Safe underwriting forbids such a construction of the contract. For anything appearing in the allegations relating to performance on the part of plaintiff, his own capricious refusal to submit to further examination may be the sole cause of defendant's failure to issue the policy.

When the entire pleading is considered in connection with the contract, the allegation that "thereupon the plaintiff did submit to a medical examination by said physician, who did make a medical examination of plaintiff in writing" amounts to no more than a conclusion of law, which must be disregarded in testing the petition. *Kruse v. Johnson*, 87 Neb. 694. Such a conclusion is not admitted by the demurrer. *Markey v. School District*, 58 Neb. 479. Not having alleged performance in the general language authorized by statute, plaintiff was required to state specifically the facts showing that he complied with the conditions of his contract. On this subject the supreme court of Indiana said: "If a party does not make the general allegation authorized by the statute, but undertakes to make a specific allegation of performance, he must make it with the particularity and strictness required by the rules of the common law." *Home Ins. Co. v. Duke*, 43 Ind. 418.

Under any proper rule of pleading, performance on the part of plaintiff is not sufficiently alleged. On this ground also the demurrer should have been sustained. The judg-

ment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

FAWCETT, J., dissenting.

The majority opinion, in my judgment, is so clearly wrong that I cannot permit it to go down without expressing my dissent.

The petition alleges:

"(1.) The defendant is a corporation organized and doing business under the laws of Nebraska as a life insurance company.

"(2.) On or about August 10, 1905, the plaintiff made application to the defendant in writing, for a life insurance policy on the life of the plaintiff, to be written by the defendant in the sum of $5,000, and delivered said written application to the defendant, and defendant has the same and plaintiff has no copy thereof.

"(3.) At the same time the plaintiff paid to the defendant $237.85 as advance premium on said policy in case said application was approved and policy issued, and received from the defendant a contract in writing in words and figures as follows: 'No. 42817. Conditional Receipt. Amount $237.85. Received at Scribner, State of Neb., this 10 day of Aug., 1905, of John Witt, the sum of $237.85, in payment of premium upon $5,000 policy which he has this day applied for to the Old Line Bankers Life Insurance Company of Lincoln, Nebraska. Policy to date at issue, providing said application is approved by said Company; otherwise said payment is to be returned to said applicant. It is hereby agreed and understood that a refusal, after being written, on the part of the applicant to submit to a medical examination, shall forfeit the payment herein. It is understood and agreed that all the premiums are due in advance and payable in cash; therefore, when notes are taken by the agent as an accommodation to the party insured, any refusal afterwards to accept the policy, or any tender of said policy back to the company or to an agent, will not in anywise release the

party insured from liability on said notes, as the same must be promptly paid, whether the party desires to continue insurance or otherwise. John Witt, Applicant. C. K. Huntington, Agent.'

"(4.) At said time said C. K. Huntington, who signed said contract, was the agent of the defendant, and duly qualified to make said contract.

"(5.) Said contract was executed in duplicate and duly delivered to each of the parties hereto, the plaintiff taking one copy and the defendant taking one copy.

"(6.) At said time defendant named to the plaintiff O. C. Hopper as a physician to whom the plaintiff should submit himself for a medical examination, and thereupon the plaintiff did submit to a medical examination by said physician, who did make a medical examination of plaintiff in writing, and delivered the same to the defendant.

"(7.) During all of the times above mentioned, the plaintiff has been, and now is, a resident of Dodge county, Nebraska, and each and all of the transactions above mentioned happened and occurred in Dodge county, Nebraska, and said payment was made and contract entered into in Dodge county, Nebraska, and said policy of insurance was to have been delivered to plaintiff in Dodge county, Nebraska, and in lieu thereof said repayment of the premium advanced was payable to the plaintiff in Dodge county, Nebraska.

"(8.) The defendant declined to approve plaintiff's said application, and has ever since said time refused, and does now refuse, to issue a life insurance policy to plaintiff."

In his brief, counsel for defendant says that his main contention is "that there is no allegation in the amended petition, either in accord with common law rules or section 128 of the code, to the effect that appellee had duly performed all the conditions on his part to be done or performed or complied with." That section was never intended to be the exclusive method of pleading a compliance with all the essential requirements of a contract. Let

us analyze this petition and see what it in fact alleges. It alleges that plaintiff made a written application to defendant for a policy upon his life, and at the time of making the application paid to defendant as an advance premium $237.85, at the same time receiving from defendant the contract in writing, denominated a "conditional receipt," set out in the third paragraph. This receipt recites that this sum of money was received in payment of premium upon a policy which he had that day applied for: "Policy to date at issue, providing said application is approved by said company; otherwise said payment is to be returned to said applicant." We think it is clear that the payment of this advance premium, to be applied upon the policy if issued, and to be returned providing the plaintiff's application should not be approved, constitutes the contract which was then and there entered into between the parties. What follows in the conditional receipt is in effect a collateral agreement for a forfeiture, viz., a forfeiture of the payment he had made in the event that he refused, "after being written," that is, after his application had been written out, "to submit to a medical examination," or afterwards refused to accept a policy issued upon such application. The allegations that plaintiff submitted to an examination which defendant declined to approve and that defendant had at all times refused to issue a policy to plaintiff negative the forfeiture; and, if defendant desired to avail itself of such forfeiture, it should have done so by affirmative allegations in an answer.

The conditional receipt was signed "John Witt, Applicant. C. K. Huntington, Agent." If the petition stopped there, it might be urged that this paper was not the contract of defendant, but was simply the personal contract of Mr. Huntington; but that contention must give way to the next two paragraphs of the petition which allege that Huntington, who signed the contract, "was the agent of the defendant, and duly qualified to make said contract," and that "said contract was executed in duplicate and

duly delivered to each of the parties hereto, the plaintiff taking one copy and the defendant taking one copy." Not that plaintiff took one copy and Huntington the other, but that plaintiff and defendant each took a copy. While the word "agent" after the signature of Mr. Huntington to the conditional receipt might, under certain circumstances, be considered *descriptio personæ*, it cannot be so taken in the light of the allegations immediately following his signature, as above set out. It does violence to every rule of code pleading and ignores the plain meaning of unambiguous language to hold that the allegations of the petition above referred to, taken in connection with the contract, do not allege that the contract was the contract of defendant, and not that of Huntington.

As showing that defendant had complied with the terms of the contract by submitting to 'a medical examination, the sixth paragraph of the petition expressly alleges that "at said time defendant named to the plaintiff O. C. Hopper as a physician to whom the plaintiff should submit himself for a medical examination and thereupon the plaintiff did submit to a medical examination by said physician, who did make a medical examination of plaintiff in writing, and delivered the same to the defendant." Again we assert, it would be doing violence to every rule of code pleading to say that this allegation does not clearly mean that plaintiff submitted himself for a medical examination to the physician designated by defendant, and that such physician made a medical examination of plaintiff and delivered the same in writing to defendant. Plaintiff's agreement was that he would submit to a medical examination by a physician and take the policy which should thereafter be delivered by defendant. He did not agree to submit to a series of examinations. His agreement was "to submit to *a* medical examination." If defendant did not see fit to issue a policy upon that examination, plaintiff was absolved from any further duty, and was thereafter entitled to a return of his money. Notwithstanding plain-

tiff had done all that was required of him, the petition alleges "defendant declined to approve said application, and has ever since said time refused, and does now refuse, to issue a life insurance policy to plaintiff." We think the petition fairly and substantially alleges in detail a performance by plaintiff of every condition to be performed on his part precedent to his right to demand a return of his money. This was sufficient, and it would have been superfluous to have added the general allegation permitted by section 128 of the code, the only office of which is to enable poor lawyers to secure pleadings which will withstand demurrer, by alleging a mere conclusion.

In *Pfister v. Sentinel Co.*, 108 Wis. 572, 580, the court say: "It is elementary law, as applied to code pleadings, that a complaint will not be overthrown on demurrer unless it is wholly insufficient. Every reasonable intendment is to be made in its favor"—citing *Morse v. Gilman*, 16 Wis. *504, and a number of other cases. *Morse v. Gilman* holds: "Every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be held bad on demurrer, however defective, uncertain or redundant may be the mode of the statement of facts, if a cause of action may be gathered from it, and it is not so defective that taking all the facts to be admitted, the court can say that they do not constitute any cause of action whatever." That case is cited with approval and the rule announced followed by this court in *Roberts v. Samson*, 50 Neb. 745.

There is another theory upon which the judgment below should be affirmed. If everything that is alleged in reference to the conditional receipt above set out were entirely eliminated from the petition, the petition would still state a cause of action against the defendant for money had and received. It was therefore invulnerable to a general demurrer.

REESE, C. J., and LETTON, J., concur in above dissent.