JOHN WITT, APPELLANT, v. OLD LINE BANKERS LIFE
INSURANCE COMPANY, APPELLEE.

FILED DECEMBER 24, 1913.   No. 18,080.

1. **Insurance: ACTION TO RECOVER PREMIUM: PLEADING AND PROOF.** In
an action to recover an advanced premium paid on an application
for a policy of life insurance, where plaintiff alleges that he has
refused to submit to such a medical examination as was provided
for in the application and requested by the company, it is incum-
bent on the plaintiff to allege and prove that the contract has
been rescinded, or facts which amount in law to such a rescission,
in order to maintain the action.

2. ———: ———: **PETITION: SUFFICIENCY.** The averments of the
plaintiff's amended petition examined, and found to be insuffi-
cient to sustain a judgment in his favor.

APPEAL from the district court for Dodge county:
CONRAD HOLLENBECK, JUDGE.  *Affirmed.*

*Courtright & Sidner,* for appellant.

*C. Petrus Peterson* and *G. L. Loomis, contra.*

BARNES, J.

This case is before us on a third appeal.  When the
mandate was returned to the district court after the case
was decided the second time, the plaintiff filed an amended
petition which contains certain allegations, in addition to
those set forth in the original petition, relating to certain
letters which passed between plaintiff and defendant, and
which explained the delay which occurred in making the
medical examination of plaintiff.  Then followed the facts
relating to the medical examination, and the subsequent
proceedings; and plaintiff alleged that, on or about the
6th of April, 1906, he wrote and delivered to the defend-
ant a letter as follows: "I have been waiting for some time
for either a policy or the return of my note.  Unless I re-
ceive one of the two very soon I shall start proceedings
at once."  On April 12, 1906, defendant wrote and de-

livered to plaintiff a letter as follows: "We have your favor of the 6th. Your application was taken August 10. Your examination was not received until six and one-half months later, so there is no indication that you were in any great hurry. If your note is past due you can pay it, and if you are declined the money will be paid back to you. I think no doubt the matter will be settled in a short time. I hope the policy will be issued. The agent has paid us for your insurance, so we have not the note in our possession. He probably discounted it at the bank." It was then alleged that plaintiff heard nothing further from the defendant until about the 1st of July, 1906, at which time a party representing himself to have come from the defendant called on the plaintiff and requested a further medical examination, which plaintiff at said time refused to give. It was further alleged that this was the first time that defendant had any knowledge that any further examination was desired; and that no other communications, oral or written, were had between the plaintiff and the defendant. It was also alleged that the distance from the place where said application was taken, being at the residence of plaintiff in Dodge county, Nebraska, to the home office of the defendant at Lincoln, Nebraska, was and is 77 miles, and there then was, and always has been, at least two mail trains each day between said points; that 30 days after the receipt of the medical examination by the defendant was an abundance of time for the defendant to either accept or reject said application, and in which to notify the plaintiff of its action in that respect; that the defendant delayed for an unreasonable time the execution and delivery to the plaintiff of a policy on his application previous to plaintiff's letter of April 6, 1906, and again delayed said matter for an unreasonable time after plaintiff's letter of April 6, 1906, and such unreasonable delays, and each of them, and also the letter of defendant to plaintiff on April 12, 1906, constituted refusals to issue to plaintiff a policy upon his application, each and all without notice to plaintiff that any further medical examina-

tion was desired, and by said delay and refusal, as herein more particularly stated, the defendant on March 26, 1906, and again on April 12, 1906, and again 30 days thereafter, was in default of the terms of its contract to deliver to plaintiff a policy by reason of such unreasonable delay, and defendant has been continuously from April 12, 1906, in default of its contract to either return to plaintiff the premium paid by him or to issue to him the policy of life insurance upon the said application, and said default and breach of the terms of said contract by the defendant was complete previous to the transaction of about July 1, 1906, when the defendant first made known to plaintiff its desire for a further medical examination; that defendant declined to approve plaintiff's said application, and has ever since said time refused, and does now refuse, to issue a life insurance policy to the plaintiff; that no part of said payment made to the defendant by plaintiff has ever been returned to the plaintiff, and there is now due and unpaid from defendant to plaintiff $237.85, with interest thereon, for which sum the plaintiff prayed judgment. To the amended petition the defendant interposed a general demurrer, which was sustained. The plaintiff declined to further plead; judgment was entered for the defendant, and the plaintiff has appealed.

Plaintiff now contends that the amended petition stated facts sufficient to entitle him to a judgment in his favor, and it is argued that by the averments found therein, which were not contained in the original petition, it is shown that plaintiff had rescinded the written agreement on which the action was originally founded before the action was commenced; or that by reason of those averments plaintiff was entitled to consider the contract rescinded, and therefore could maintain this action.

In construing the amended petition all of its allegations must be considered together. So construing the petition, it must be conceded that at the outset plaintiff sought to recover under the terms of the written contract. Time was not of the essence of that agreement, for it was said

in the opinion written upon the first appeal (89 Neb. 163) : "The stipulations relating to the return of the premium and requiring plaintiff to submit to the examination are: 'Policy to date at issue, provided said application is approved by said company; otherwise said payment is to be returned to said applicant. It is hereby agreed and understood that a refusal, after being written, on the part of the applicant to submit to a medical examination, shall forfeit the payment herein.' The examination contemplated by the contract was, of course, the requisite medical examination required by all reputable life insurance companies before assuming a risk. On the face of the contract the assurer was not limited to a single examination by the physician first designated, like the one pleaded. The report of the examiner may have omitted some fact vital to the assuming of the hazard. Symptoms requiring an examination by a specialist may have been reported to defendant as a result of the examination pleaded. Plaintiff's right to the policy for which he stipulated depended upon an examination commensurate with the risk to be assumed. In the very nature of the policy for which the advance premium was paid, a single examination, if incomplete or unsatisfactory, could never have been within the contemplation of the parties. Safe underwriting forbids such a construction of the contract. For anything appearing in the allegations relating to performance on the part of plaintiff, his own capricious refusal to submit to further examination may be the sole cause of defendant's failure to issue the policy."

We adhere to the rule there announced, and it follows that when the plaintiff, in the amended petition, alleged that he had refused to submit to any further medical examination, it was then incumbent upon him to show that his refusal was justified as a matter of law and entitled him to declare the contract rescinded. Plaintiff's attempt to plead such a justification falls far short of constituting a sufficient legal excuse on his part. His letter of April 6, 1906, did not declare the contract at an end,

or that he had rescinded the same, it simply notified the defendant that, if he did not receive the policy or his money back within a short time, he would take some action thereon. In answer to this letter the secretary of the company wrote the plaintiff that his application was taken August 10, and his examination was not received until six and one-half months later; so that there was no indication that he was in any great hurry. The letter than informed plaintiff that his note was past due, and if his application was declined the money would be paid back to him, and indicated that the matter would be settled in a short time, and expressed the hope that the policy would be issued. It is averred in the petition that, on or about the 1st of July, a party representing himself to have come from the defendant called on the plaintiff and requested a further medical examination, and that plaintiff at that time refused to submit to such further examination. This was a direct breach of the contract upon the plaintiff's part. As before stated, time nowhere appears to be the essence of the contract, and it is not averred in the amended petition that the plaintiff had ever notified the defendant that he considered the contract at an end. It appears that up to February 26, 1906, there were no objections on plaintiff's part to the delay in making the medical examination. In fact, it appears that the delay was for plaintiff's benefit, and was acquiesced in by him.

It has been the theory of this court from the time the case first came here on appeal that the plaintiff, by submitting himself to such a complete medical examination as the defendant required, would be in a position to receive his policy; or, in case his application was rejected, to recover back his money, and we are still of the same opinion. It seems quite clear that, if the plaintiff should submit himself to the proper medical examination, it would then be the duty of the defendant to either issue the policy or return to him the money he paid as an advance premium. If, upon such an examination, it should appear that the plaintiff was not a suitable risk for life insurance,

the defendant would be obliged to reject his application, and his right to recover the advanced premium would then be complete. On the other hand, if the result of his medical examination should be such as to entitle him to a policy, then it would be the duty of the company to issue it to him, and, in case it should refuse to do so, he would be entitled to recover such advanced premium.

Counsel for the defendant has at all times persisted in the theory that all the plaintiff had to do was to declare his agreement at an end, and recover back his money. We think this theory was a mistaken one, and is not warranted by the terms of the written agreement. Plaintiff's averment that 30 days was a sufficient time from and after the 6th day of April, 1906, for defendant to issue the policy or repay the advanced premium is simply a construction that the plaintiff's counsel has put upon the terms of the written contract between the parties, to which we cannot agree.

It is urged that, if this judgment is affirmed, the plaintiff will lose his advanced premium and is without any remedy. But, as suggested in this opinion, plaintiff may still present himself to the defendant company for a further or complete medical examination, and upon such examination will be entitled either to receive his money or a policy of insurance in accordance with his application.

Viewing the record in the light of our former decisions, there was nothing left for the trial court to do but to sustain the demurrer to the plaintiff's amended petition, and therefore the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.

REESE, C. J., concurring.

Having dissented from the decisions in the former presentations of this case, I do not deem it necessary to restate my views upon the merits. I agree to the opinion

upon the express consideration that, should plaintiff submit to another examination and the application be accepted, he shall receive a policy without further cost or expense to him than if a policy had been issued upon the first examination, and that the annual premium be not increased. Should defendant fail or refuse to accede to these conditions it is liable to plaintiff for a return of the advance premium paid with legal interest from the time of payment.